421 P.2d 937

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

Kenneth C. CHATWIN, Judge, Maricopa County Superior Court, Respondent,

William J. Raible and Charlotte Raible, his wife, Real Parties in Interest.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

Kenneth C. CHATWIN, Judge, Maricopa County Superior Court, Respondent,

Mahlon C. Gaumer III, Real Party in Interest.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

William A. HOLOHAN, Judge, Maricopa County Superior Court, Respondent,

David John Ryan, Real Party in Interest.

Nos. 1 CA–CIV 485, 1 CA–CIV 486, 1 CA–CIV 488.

Court of Appeals of Arizona.

Dec. 29, 1966.

Rehearing Denied Jan. 26, 1967.

Review Granted Feb. 28, 1967.

Darrell F. Smith, Atty. Gen., by James R. Redpath, Asst. Atty. Gen., for petitioner.

Gerald A. Machmer, Phoenix, for respondents and real parties in interest.

STEVENS, Chief Judge.

The questions before us relate to the jurisdiction of the Superior Court to entertain the judicial review of orders entered by the Arizona Highway Department. The orders suspended drivers' licenses and motor vehicle registrations following accident and suspending a drivers' license by reason of frequency of conviction of serious traffic offenses. The plaintiffs in the Superior Court who are the real parties in interest in this Court sought judicial review without first requesting a hearing before the Administrative Agency. It is our judgment that the three separate petitions pending before us should be resolved in a single opinion. The matters will be identified by reference to the names of the real parties in interest as they appear in the caption of this opinion.

Mr. and Mrs. Raible owned an automobile which was licensed in Arizona. Both held Arizona driver's licenses. On 4 December 1965, Mrs. Raible was involved in an accident while driving the Raible car which was not insured. Based upon reports received in the Financial Responsibility Branch of the Arizona Highway Department, the Director of the Branch estimated that the damages were $900. On 19 January 1966, the Director prepared and sent a separate official notice to each Mr. and Mrs. Raible. Both notices required the posting of security in the sum of $900 on or before 31 January 1966. The notice to Mr. Raible provided that, failing to post such security, the registration of the motor vehicle would be suspended. The notice to Mrs. Raible stated that, failing to post the security, the registration of the vehicle would be suspended as would her driver's license. The file does not reflect the date that either Mr. or Mrs. Raible received their respective notices. The notices did not expressly advise that the addressee had a right to demand an Administrative hearing. Neither party requested an Administrative hearing. On 1 February 1966, they filed suit in the Superior Court for Maricopa County and secured a trial court order, without notice, staying the suspensions until further order of the court.

Gaumer was involved in an accident on 14 December 1965. His car was not insured. The Director determined the damages to be $154. Under date of 8 Febru-

ary 1966, the Director gave notice to Gaumer that if he failed to post security, his vehicular registration and driver's license would be suspended on 21 February 1966. The record does not reflect the date that Gaumer received this notice. The notice did not advise Gaumer of his right to ask for an Administrative hearing. Gaumer did not ask for a hearing, and on 23 February 1966, he filed suit in the Superior Court for Maricopa County. He, likewise, secured a stay without notice.

On 15 June 1966, the Drivers' License Bureau, Motor Vehicle Division, State Highway Department, without prior notice, issued its order suspending Ryan's privileges,

"* * * to operate a motor vehicle upon the public highways of this State and any and all operators' and chauffeurs' licenses issued evidencing such privilege * * * effective DATE OF RECEIPT. "The suspension will remain in effect for a minimum period of ONE (1) YEAR beginning from the date of surrender of licenses as herein demanded."

The order further advised Ryan:

"As early as practical, within not to exceed twenty (20) days after receipt of a request from you for a hearing such hearing will be held in Maricopa County to determine whether this suspension shall be rescinded, modified, or affirmed."

The order contained a further recitation as to the reason for its issuance:

"IT APPEARING From the records of this Division that the herein named person has been convicted with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highway."

Ryan received the order on 21 June 1966. He did not request an Administrative hearing and in lieu thereof he filed an action in the Superior Court for Maricopa County on 28 June 1966. By order of the Superior Court, issued without notice, his license was restored to him pending the decision of the court. The trial court orders of stay and restoration were issued by judges other than those named as the respondent herein. In each of the Superior Court complaints there was a request for a trial de novo.

The petitioner herein appeared in each of the Superior Court actions. In the Gaumer and Ryan cases, a motion to dismiss for failure to exhaust the administrative remedies was filed. In Raible, no such motion was filed, but the lack of jurisdiction by reason of failure to exhaust the Administrative remedies was urged at the trial. The motions which were filed were denied, the court proceeded to the trial in the Raible matter and it thereby appears that the Superior Court assumed jurisdiction to hear each of the cases on their merits on a trial de novo. The Ryan case was set for trial, but the trial date was postponed pending the decision of this Court.

The Raible and Gaumer matters were tried in successive short court trials. The evidence disclosed that the respective parties, while not being insured at the time of the accident, were insured at the time of trial and further disclosed the circumstances surrounding each accident as well as estimates as to the damages sustained. The record reveals that, upon the advice of counsel, the parties did not request an Administrative hearing. In both the Raible and Gaumer cases, the trial judge entered the following order:

"IT IS FURTHER ORDERED that this cause is referred back to the Highway Department for hearing pursuant to the Administrative Remedies."

The petitioner herein seeks to prohibit the trial of the Ryan case and seeks to prohibit the enforcement of the above order in the Raible and Gaumer matters.

In Roer v. Superior Court, 4 Ariz.App. 46, 417 P.2d 559 (1966), we stated:

"The law is well established in Arizona that judicial review of administrative decisions does not lie as a matter of right,

save and except in those situations wherein the review is authorized by law."

We also quoted the case of Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953):

"It is settled law that the right of appeal exists only by force of positive enactment of law, * * * and that prohibition will lie to prevent an inferior tribunal from entertaining an appeal over which it has no jurisdiction."

Hereinafter unless the context clearly indicates to the contrary, all reference to titles, chapters and sections will relate to the Arizona Revised Statutes. The registration of motor vehicles and the use of drivers' licenses are the subject of Legislation in Arizona. Title 28 is entitled, "Motor Vehicles". Chapter 4 thereof is entitled, "Uniform Motor Vehicle Operators' and Chauffeurs' License Act" and includes Sections 28–401 through Section 28–491. This portion of the Code will hereafter be referred to as the License Act. Article 3 of this Chapter is entitled, "Cancellation, Suspension or Revocation of Licenses" and embraces Sections 28–441 through 28–452. Chapter 7 of Title 28 is entitled "Uniform Motor Vehicle Safety Responsibility Act" and contains Sections 28–1101 through Section 28–1225. This Chapter will be hereafter referred to as the Responsibility Act. Article 3 thereof is entitled "Security Following Accident" and embraces Sections 28–1141 through 28–1148.

The Responsibility Act was adopted by Chapter 122 of the Laws of 1951 and the License Act was adopted by Chapter 115 of the Laws of 1951. Both acts have been amended since their original adoption.

There are two important and comparatively recent Arizona Supreme Court decisions relating to these portions of our Motor Vehicle Code. The case of State of Arizona v. Birmingham, 95 Ariz. 310, 390 P.2d 103 (1964), concerns itself with the constitutionality of an Administrative cancellation, suspension or revocation of a driver's license without first giving notice to the licensee. The case of Schecter v.

Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963), relates to the Administrative aspects of that portion of the Responsibility Act concerning security following an accident.

## THE NECESSITY OF EXHAUSTING ADMINISTRATIVE REMEDIES

■ Where there is an express statutory provision specifying the Administrative procedure to be followed in a matter pending before a particular Administrative Agency, those procedures must be followed before the acts of the agency are subject to judicial review. A case which is illustrative of this principle is State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222 (1963), hereinafter referred to as Church. In Church, the Supreme Court quotes a statute which expressly requires an application for a rehearing before the Commission as a condition precedent to any court review.

In Roer, it was pointed out that some statutes relating to the procedures to be observed, by a person who has a matter pending before an Administrative Agency, are not as complete as are the statutes relating to other Agencies. To meet this void, the Judicial Review of Administrative Decisions Act, Section 12–901 through Section 12–914, was adopted in 1954. This act is hereinafter referred to as the Judicial Review Act. In Section 12–902, we find a Legislative declaration of public policy that before the,

"* * * administrative decision has become final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, *the decision shall not be subject to judicial review under the provisions of this article* * * *". (emphasis supplied.)

This section contains an exception in relation to testing the jurisdiction of the Administrative Agency.

We are confronted with the necessity of examining the statutes in question in rela-

tion to required Administrative procedures and we find that they are not identical.

## THE RESPONSIBILITY ACT

█ The Responsibility Act is the subject of the Schecter case. In Schecter, the Arizona Supreme Court stated:

"While there is some ambiguity in the wording of the subject legislation, this Court believes it is implied in this statute that, when requested, an aggrieved person shall have an administrative hearing before the suspension order becomes effective.

\* \* \* \* \* \*

"If a request for a hearing, as permitted by A.R.S. § 28–1122, subd. A, by persons aggrieved by an order or suspension does not have some effect upon the suspension order, notice of which is given only ten days prior to its effectiveness, time allowances are intolerable from a practical standpoint.

\* \* \* \* \* \*

"It seems much more reasonable to infer that the request for a hearing was intended to toll the effective date of the suspension order, and that after the administrative ruling and notice thereof, a person would have ten days in which to seek review in the superior court.

\* \* \* \* \* \*

"we hold that the administrative hearing provided by A.R.S. Section 28–1122, subd. A must, if requested, be conducted prior to the effective date of an order of suspension under the act."

Schecter establishes the right of the person involved to request a hearing before the Director. It further establishes that a timely request by that person automatically stays the order of suspension until the hearing has been conducted. Unfortunately, this principle of law was not set forth in the notices which were received by the Raibles and by Gaumer. The Responsibility Act does not contain language similar to that found in Church, namely, it does not require that a hearing be requested before judicial review can be sought. The right

to seek judicial review is found in Section 28–1122, subsec. B, which is as follows:

"Persons aggrieved by an order or act of the superintendent under the provisions of article 3 of this chapter, may, within ten days after notice thereof, file a petition in the superior court of the county in which the person resides for a trial de novo to determine whether the order or act is lawful and reasonable. The filing of a petition shall not suspend the order or act of the superintendent unless a stay thereof shall be allowed by a judge of the court pending final determination of the matter. The court shall summarily hear the petition and may make any appropriate order or decree."

It is noted that the complaints were not filed in the Superior Court prior to the effective date of the suspension cited in the notices. The statute allows judicial review "within ten days after notice thereof". The motions to dismiss did not raise this issue, and we assume that the complaints were filed in the Superior Court within the statutory ten day period.

█ It is urged that the provisions of Section 12–1122B, which authorize a trial de novo, by necessary implication, require that the available Administrative remedies be exhausted prior to seeking judicial review. This argument is persuasive but not controlling. After a comparison of the language contained in Church, wherein the applicable statute was quoted with the language contained in the Responsibility Act and the Judicial Review Act, we hold that it was not necessary for the Raibles or Gaumer to exhaust the available Administrative remedies before seeking judicial review. We further hold that the Superior Court had jurisdiction in these cases.

█ It is urged that the Superior Court had no jurisdiction to stay the suspension orders without notice and that Rule 65 of the Rules of Civil Procedure, 16 A.R. S., was not observed. Rule 65 relates to injunctions and is similar to Federal Rule 65. The Judicial Review Act, in Section 12-914,

recognizes the applicability of the Rules of Civil Procedure. This act applies only where the statute relating to the Administrative Agency in question does not otherwise provide. We hold that Section 28–1122, subsec. B authorizes the issuance of a stay without notice and that it is not necessary to first comply with Rule 65.

■ It is our opinion that the trial court should have rendered its decision on judicial review and that it did not have the power to return the Raible and Gaumer matters to the Arizona Highway Department for its Administrative action.

### THE LICENSE ACT

Section 28–446, subsec. B provides, in part, as follows:

"Upon suspending the license of a person * * * the department shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed twenty days after receipt of the request in the county wherein the licensee resides * * *."

Section 28–451 grants a right of judicial review. This section, omitting portions not essential to the cause before us, states in part:

"A person denied a license, or whose license has been cancelled, suspended or revoked by the department * * * shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the superior court in the county wherein the person resides and the court is * * * to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provision of this chapter."

■ This section differs from Section 28–1122, subsec. B in that it is silent as to the right to stay the suspension of the driver's license. We turn then to the Judicial Review Act for guidance. Section 12–911, subsec. A provides as follows:

"The superior court may: 1. With or without bond, unless required by the statute under authority of which the administrative decision was entered, and before or after answer, stay the decision in whole or in part pending final disposition of the case, after notice to the agency and for good cause shown."

This Section prevails over Rule 65. There is no right in the trial court to stay the suspension of the driver's license, either with or without bond, until " * * * after notice to the agency and for good cause shown". The statute envisions a petition, an order to show cause, service, and a hearing before the license may be restored pending trial. The trial court should not have issued its stay as to the suspension of Ryan's driver's license. As with reference to the Responsibility Act, there is no requirement that the person involved exhaust his Administrative remedies before seeking judicial review. We hold that the trial court has jurisdiction to proceed with the trial as to Ryan.

■ It is within the province of the Legislature to require that available Administrative procedures be exhausted before judicial review can be sought.

As to the Raible and Gaumer cases, the trial court is directed to proceed with a determination of the appeal. In all other respects, the Petition for Writs of Prohibition as to these two matters are quashed.

As to the Ryan case, the trial court is directed to vacate its stay with the right to entertain a timely and appropriate request for a stay. In all other respects, the Petition for the Writ is quashed.

These directives shall be effective upon the issuance of the mandate in relation to this opinion.

CAMERON and DONOFRIO, JJ., concur.