601 P.2d 1353

In the Matter of the APPEAL IN GILA COUNTY JUVENILE ACTION NO. 3824.

No. 2 CA–CIV 3371.

Court of Appeals of Arizona, Division 2.

Sept. 19, 1979.

Review Denied Oct. 23, 1979.

Pinal & Gila Counties Legal Aid Society by Peter J. Cahill, Globe, for petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Pauline A. Miller, Asst. Atty. Gen., Phoenix, for respondent/appellee.

## OPINION

HOWARD, Judge.

The mother of the juvenile appeals from the trial court's denial of her petition to revoke consent to place her child for adoption. The petition should have been granted and we reverse.

The child was born on September 15, 1978, and on December 28, 1978, a dependency petition was filed in the Gila County Superior Court. On January 3, 1979, the court entered a temporary order placing the child in the custody of the Arizona Department of Economic Security. On February 5, appellant signed the consent to place the child for adoption. The consent was prepared by Ms. Armida Bittner of the Department of Economic Security. On the following day, appellant returned to the department office and indicated that she had changed her mind about the consent to adopt and was told she would have to petition the court. On April 11, 1979 the petition to revoke was filed and after a hearing, was denied.

Two points are raised by appellant: (1) since appellant attempted to revoke her consent to place the child for adoption prior to placement of the juvenile in an adoptive home, her petition to revoke should have been granted, and (2) improper methods were used to procure her consent in that the department representative did not fully understand the effect of signing the consent form. Consideration of the first point raised is all that is necessary for our disposition of this appeal.

The Arizona courts have held consistently that a consent to adopt may not be revoked after the child has been placed with the adoptive parents except for legal cause. *In re Holman's Adoption*, 80 Ariz. 201, 295 P.2d 372 (1956); *Acedo v. State, Department of Public Welfare*, 20 Ariz.App. 467, 513 P.2d 1350 (1973). In *In re Holman's Adoption*, supra, it was noted:

" . . . that a consent once given by the parent or other persons having the authority to give such consent, may not be revoked *after the child has been placed in the possession of the adoptive parents except for legal cause shown,* as where such consent was procured through fraud, undue influence, coercion or other improper methods." (Emphasis in original) 80 Ariz. at 207, 295 P.2d at 376.

In *Acedo,* it was stated:

"There must be some readily ascertainable event, upon which adoptive parents can be secure in the knowledge that the child in their home cannot be taken from them solely at the whim of the natural parents. As stated in *Holman, supra,* that event is when the child is first placed in the adoptive home." 20 Ariz.App. at 472, 513 P.2d at 1355.

It is uncontested that in the case before us not only had the child not been placed in an adoptive home, but the adoptive process had not even begun. To allow appellant to revoke her consent would not undermine "the flow of parental love and expenditure of time, energy and money which is involved in adoption," as feared by Division One of this court in *Acedo,* supra, at 471, 513 P.2d at 1354.

Appellant's petition to revoke should have been granted without any showing of legal cause since her change of mind occurred prior to the start of the adoptive process.

The order denying the petition is reversed.

RICHMOND, C. J., and HATHAWAY, J., concurring.