617 P.2d 534

**Martha WALLIS, Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Defendant–Appellee.**

**No. 1 CA–UB 003.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 16, 1980.

Martha Wallis, in pro. per.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

This appeal from a decision of the unemployment insurance appeals board of the Arizona Department of Economic Security raises the issue of the jurisdiction of this court to entertain the appeal and whether the appeals board properly denied benefits to the appellant/claimant.

On June 4, 1979, appellant Martha Wallis applied for unemployment benefits following her resignation as a Vocational Rehabilitation Counselor with the Arizona Department of Economic Security.

To properly understand the procedural posture of this claim it is necessary to review the administrative processing of that claim. Initially, the validity of a claim for unemployment benefits is determined by a deputy of the Department of Economic Security (DES), A.R.S. § 23–773(A). The claimant and any other parties interested in that determination are to be promptly notified of the deputy's decision on the claim. A.R.S. § 23–773(B) provides:

Unless the claimant or an interested party, within seven calendar days after the delivery of notification, or within fif-

teen[1] calendar days after notification was mailed to his last known address, files an appeal from the determination, *it shall become final*, and benefits shall be paid or denied in accordance therewith. (Emphasis added.)

The appeal contemplated by A.R.S. § 23–773(B) is first made to an "appeal tribunal" consisting of one individual who shall hold a hearing on the disputed claim. A.R.S. § 23–671. Apparently, the hearing before the appeal tribunal is *de novo. See* A.R.S. § 23–674. A.R.S. § 23–671(C) provides that the decision of the appeal tribunal "shall become final unless within fifteen days after mailing of the decision any interested party files a written petition for review with the appeals board . . . ."

The "appeals board," established by A.R.S. § 23–672, is designated as the "unemployment insurance appeals board" and consists of three members. The review by the appeals board may be on the record or *de novo. Compare* A.R.S. § 23–672(C) *with* A.R.S. § 23–674.

The final decision of the appeals board is subject to direct appeal to this court within 30 days pursuant to A.R.S. § 41–1993.

With this procedural background and its various time limitations in mind, we turn to the facts of this case. Following the claimant's filing for benefits the deputy found on June 22, 1978 that she was disqualified for unemployment insurance benefits. The basis for that determination was as follows:

> You voluntarily left your employment because the cost of driving from Mesa to Casa Grande was becoming excessive. The available evidence has established that you elected to move your residence from Casa Grande to Mesa in June of 1978 for reasons of a non–compelling personal nature and your leaving is without good cause in connection with the work.

The claimant did not appeal this determination of the deputy to the appeals tribunal until August 8, 1979, approximately 47 days after the deputy's determination was made. On August 14, 1979, the appeals tribunal rendered its decision, finding that the claimant had failed to seek timely review of the deputy's determination. Therefore, the appeals tribunal found itself to be without jurisdiction and stated that the deputy's determination of June 22, 1979 was to remain in effect.

Claimant Wallis sought review of the tribunal's decision by filing a timely notice of appeal with the unemployment insurance appeals board on August 22, 1979. The decision of the unemployment insurance appeals board was entered on October 5, 1979. The unemployment insurance appeals board affirmed the action of the appeals tribunal on the basis that an appellant did not seek timely review of the deputy's determination.

The claimant timely filed an appeal to this court.

■ DES first argues that this court lacks jurisdiction to entertain this appeal on the grounds that the untimely compliance with administrative appeals procedures divests this court of jurisdiction and that under the Judicial Review of Administrative Decisions Act, particularly A.R.S. § 12–902(B),[2] the claimant failed to timely exhaust her administrative remedies.

DES's reliance upon the Judicial Review of Administrative Decisions Act is misplaced. The provisions of that act are specifically made inapplicable to the judicial review of decisions of the unemployment insurance appeals board. A.R.S. § 41–1993 provides in part:

---

1. When claimant filed her claim, the statutory period for filing an appeal of the deputy's determination was ten days. The difference in time limitations is not material under the facts of this case.

2. A.R.S. § 12–902(B) provides in part:
   "If under the terms of the law governing procedure before an agency an administra-

> tive decision has become final because of the failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by law, the decision shall *not be subject to judicial review* under the provisions of this article . . . ."

Any party aggrieved by a decision of the director, *except ... decisions of the unemployment insurance appeals board*, is entitled to judicial review of the decision pursuant to the provision of title 12, chapter 7, article 6. [Judicial Review of Administrative Decisions Act]. Any party aggrieved by a decision of the unemployment insurance appeals board may take an appeal against the department to the court of appeals in the manner provided by law for appeals from superior court in civil actions.

(Emphasis added.)

We therefore hold that A.R.S. § 12–901, *et seq.*, does not preclude this court from reviewing decisions of the unemployment insurance appeals board.

DES next argues that the case law requires a determination that the untimely invoking of administrative review divests this court of jurisdiction even though the claimant timely perfected her appeal to the court of appeals. In our opinion, the cases cited do not require that result.

■ In each of the cases relied upon, the superior court was found to be without jurisdiction because the party seeking relief had failed to follow the procedures governing review *from* the administrative tribunal *to the superior court. Mountain View Pioneer Hospital v. Employment Security Commission*, 107 Ariz. 81, 482 P.2d 448 (1971) (party failed to follow procedures for seeking review in superior court mandated by A.R.S. § 23–741); *Herzberg v. David*, 27 Ariz.App. 418, 555 P.2d 677 (1976) (party failed to file motion for rehearing of the final administrative decision, a prerequisite for superior court review of Real Estate Commission decisions); *Campbell v. Chatwin*, 4 Ariz.App. 504, 421 P.2d 937 (1966), *reversed on other grounds*, 102 Ariz. 251, 428 P.2d 108 (1967) (party failed to follow A.R.S. § 28–1122 governing procedures for seeking review of Highway Department decisions in superior court).

In our opinion none of these cases bar our review of a decision of the unemployment insurance appeals board where the appellant has properly followed the procedures for effecting review of that decision in this court.

Appellant has sought review in this court of the decision of the unemployment insurance appeals board decision in the manner provided by law and is therefore not barred from obtaining judicial review of that decision in this court. Having timely filed her appeal in this court, appellant is entitled to review of the decision of the board which denied relief on the basis that she had failed to seek timely review of a decision of a lower official within the agency.

■ Turning to the merits of the appeal, A.R.S. § 23–773(B) provides that the decision of the deputy "shall become final" unless timely appeal of that decision is taken. Here, the claimant does not contend that she did not receive notification of the deputy's determination, that she was not aware of the time limitations to appeal, that she did in fact timely appeal or that any of the statutory prerequisites for finality attaching to the deputy's decision did not occur. In fact, her only allegation is that she thought she was going to obtain another job and therefore felt an appeal was unnecessary.

We must assume that the legislature meant what it said, and therefore hold that where the statutory prerequisites for finality to a deputy's determination are established, that decision becomes "final," unless a timely appeal is perfected. Thus, we can find no error in the unemployment insurance appeals board's decision affirming the decision of the appeals tribunal that claimant's appeal from the deputy's determination cannot be reviewed because of untimeliness.

The decision of the unemployment appeals board is affirmed.

OGG, C. J., and DONOFRIO, J., concur.