682 P.2d 6

**In the Matter of the APPEAL IN YUMA COUNTY, JUVENILE ACTION NOS. J–81–339 AND J–81–340.**

**No. 1 CA–JUV 220.**

Court of Appeals of Arizona, Division 1, Department D.

April 19, 1984.

Robert K. Corbin, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Jensen & Irwin, P.C. by Bruce A. Jensen, Yuma, for appellant.

## OPINION

HAIRE, Presiding Judge.

In this appeal from the trial court's order denying the appellant mother's petition to revoke her consent to adoption and relinquishment of her parental rights, two issues are presented:

(1) Should the appeal be dismissed because of appellant's failure to fully comply in a timely manner with the requirements of Rule 25(b), Rules of Procedure for the Juvenile Court; and, if not dismissed,

(2) Does a parent have an absolute right to revoke a written consent to adoption at any time prior to the actual placement of the child in an adoptive home?

We consider first the issue raised by the Arizona Department of Economic Security's (the Department) motion to dismiss the appeal.

On July 1, 1983, the trial court entered its order denying the appellant's petition to revoke her written consent to adoption and relinquishment of parental rights. On July 8, 1983, appellant filed her notice of appeal. The notice of appeal specified the identity of the party taking the appeal, the date of the order being appealed, and the fact that the order constituted the denial of appellant's petition to revoke her consent. The notice of appeal did not include, as an attachment or otherwise, a "concise statement of the grounds for the appeal supported by a memorandum of authorities" as required by Rule 25(b), Rules of Procedure for the Juvenile Court. However, on August 1, 1983, approximately 14 days after the expiration of the time for filing the notice of appeal, appellant filed a statement of grounds supported by a memorandum setting forth the authorities in support of her appeal.

The state did not respond to appellant's notice of appeal and statement of grounds and memorandum of authorities by filing a response in the trial court as required by Rule 26(a), Rules of Procedure for the Juvenile Court. Rather, the state's first response was by motion to dismiss filed in this court some five months later on December 12, 1983. In its motion the state urged the general principle that a failure to appeal in a timely fashion deprives this

court of jurisdiction. *See In the Matter of the Appeal in Pima County Juvenile No. S–933*, 135 Ariz. 278, 660 P.2d 1205 (1982); *Hurst v. Bisbee Unified School District No. 2*, 125 Ariz. 72, 607 P.2d 391 (App. 1979). From this premise the state reasons that appellant's failure to timely file the statement of grounds and memorandum of authorities deprives this court of jurisdiction, even though the notice of appeal itself was timely filed.

Unlike the Arizona Rules of Civil Appellate Procedure, the rules governing appeals from the juvenile court do not specifically address this jurisdictional issue, and we find no decisional law directly in point.[1] The requirements of Rule 25(b), Rules of Procedure for the Juvenile Court, were discussed in *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–84536–S*, 126 Ariz. 546, 617 P.2d 54 (App. 1979). In that case, the appellant timely filed his notice of appeal. However, a memorandum filed with the notice of appeal did not set forth any concise statement of the grounds for appeal as required by Rule 25. Rather, the memorandum stated that counsel for appellant had searched the record and had found no arguable issue of law. Although no motion to dismiss had been filed, the court on its own motion addressed the question of whether the appeal should be dismissed because of the appellant's failure to comply with Rule 25(b).

In its discussion the court concluded that the criminal appeals procedures adopted and utilized by this court in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were not applicable to juvenile appeals, and that because no statement of grounds for appeal with supporting memorandum had been filed, the appeal should be dismissed. The court's opinion does not state whether the dismissal was based on jurisdictional grounds or was merely a nonjurisdictional dismissal entered in the exercise of the court's discretion based solely upon the appellant's failure to comply with the appropriate procedures.

In considering the applicability of *Juvenile J–84536–S* to this appeal, we note that no grounds for appeal with a supporting memorandum were ever filed in *Juvenile J–84536–S*, and that therefore no issues were ever presented to the appellate court for determination. As previously stated, in this appeal, while the grounds and supporting memorandum were not timely filed, they were filed shortly after the expiration of the time for appeal.

Although from the language of Rule 25(b) it might be argued that no effect should be given to a notice of appeal which does not contain the required statement of grounds and supporting memorandum, we are not persuaded that such a result is required or consistent with the intent of the rules, particularly in view of the short period of time allowed by the rules for the filing of the completed notice of appeal.

In recognition of the short period of time allowed by Rule 25(b) for the briefing of the grounds for appeal, Rule 27 authorizes this court, after briefing has been completed, to order that reporters' transcripts be prepared and that the parties file supplemental briefs. As a matter of practice, in many juvenile appeals filed in this court the initial statement of grounds and supporting memorandum are of a very perfunctory nature, concluding with the request that the court order the transcript and thereafter allow the filing of supplemental briefs based upon the record as revealed in the transcript. In fact, in this appeal the court has found it necessary to follow that procedure. We therefore hold that the failure to include a statement of grounds and supporting memorandum in a timely filed notice of appeal does not render the appeal jurisdictionally defective. Rather, such

---

1. Rule 8(a), Arizona Rules of Civil Appellate Procedure provides, in part, as follows:

    "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the ap-

peal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."
*See also* the Arizona Supreme Court's comment to Rule 8(a).

failure may, depending upon the circumstances, constitute a basis for dismissal of the appeal in the exercise of the court's discretion.

█ We have previously considered the circumstances presented by the record in this appeal, and on January 11, 1984, we exercised our discretion and entered an order denying the state's motion to dismiss. We now proceed to consider the merits of the appeal.

In 1981 the trial court determined that appellant's two minor children were dependent. They were made wards of the court and placed in foster care. Appellant had a history of alcohol and substance abuse, and between 1981 and February of 1983, extensive efforts were undertaken by the Department in an attempt to rehabilitate appellant with the ultimate goal of reuniting her with her children. At times the alternative of severance of parental rights was also discussed and considered. On February 18, 1983, appellant was advised by the Department that no severance action would be taken at that time if appellant would enter a residential treatment program.

Appellant stated that she wanted to think about it. Five days later she called the Department's representative and indicated that she wanted to relinquish her parental rights and consent to the adoption of her children. She "felt it was best for the two children and herself," and said that she had a marine waiting for her in South Carolina.[2] She then went to the Department's local office and signed the written consent forms after a full discussion of their contents, her rights and the alternatives available to her. She left the next day for South Carolina.

Two and one-half months later she filed a petition in the Yuma County Superior Court to have the written consents revoked. After an evidentiary hearing the trial judge entered an order denying appellant's petition. An examination of the evidence presented at the hearing does not reveal any evidence of duress, misrepresentation, undue influence or that the giving of appellant's consent was involuntary in any sense. The most that can be said is that, although she had ample time to thoroughly consider the consequences of her actions prior to the signing, thereafter she simply had misgivings and changed her mind. At the time she filed her petition the children had not been placed in an adoptive home.

On appeal appellant's counsel does not assert that the record furnishes support for any of the normally recognized legal bases for the invalidation of consent such as fraud, duress, or undue influence. Rather, relying upon a decision of Division 2 of this court, *In the Matter of the Appeal in Gila County Juvenile Action No. 3824*, 124 Ariz. 69, 601 P.2d 1353 (App.1979), appellant contends that she had the absolute right to revoke her consent prior to the actual placement of the children in an adoptive home.

In response, the state urges that appellant's interpretation of *Juvenile 3824, supra,* is overly restrictive, and additionally is contrary to legislative intent as now expressed in A.R.S. § 8–106(E) which reads as follows:

"E. A consent to adopt is irrevocable unless obtained by fraud, duress or undue influence."

We note that A.R.S. § 8–106(E) had not been enacted at the time of the decision in *Juvenile 3824,* and that it became effective approximately one month after the trial court's decision in this matter.

Although there is language in the opinion which furnishes support for appellant's contention, we find *Juvenile 3824* distinguishable from the situation presented in this appeal. In *Juvenile 3824,* on the day after she had signed the written consent the mother advised the Department that she had changed her mind. At that time

---

2. Both of the children had been born out of wedlock with different fathers. Appellant had been married twice but was separated from her second husband at the time she called the Department concerning the severance.

there had been an insufficient lapse of time for any realistic implementation of the adoptive process. Here, appellant waited over two and one-half months before she made any effort to set aside her consent. We note that in *Juvenile 3824* the court emphasized that not only had the child not been placed in an adoptive home, but the adoptive process had not even begun. In its order in this matter the trial judge indicated that there was evidence that the adoptive plan was in the process of being implemented. In summary, we think that *Juvenile 3824* is distinguishable because of the significant lapse of time in this matter. However, to the extent that *Juvenile 3824* could arguably be found applicable to the facts presented in this appeal, we do not find it persuasive and refuse to apply it as precedent.

 We thus conclude that once a valid written consent to adopt has been given and the adoption process has begun, a parent may not revoke that consent unless there is a showing of some compelling rea-son for the revocation. A mere change of mind is insufficient. Once the adoptive process has begun, the integrity of the adoption process must have some degree of protection. Otherwise, in every case the adoption process would be subject to interruption at the whim of the natural parent. This conclusion is in accord with the 1983 legislative amendment to A.R.S. § 8–106, which now clearly precludes the revocation of a consent to adoption given in accordance with the requirements of A.R.S. § 8–107 except upon the basis of fraud, duress or undue influence. The trial court's order is affirmed.

KLEINSCHMIDT and OGG, JJ., concur.