780 P.2d 414

**Mary E. LANE, Appellant,**

**v.**

**ARIZONA DEPARTMENT OF ECO-NOMIC SECURITY, an Agency,**

**and**

**Lucky Stores, Inc., Appellees.**

**No. 1 CA–UB 88–034.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 28, 1989.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee Arizona Dept. of Economic Security.

Mary E. Lane, Phoenix, in pro. per.

OPINION

JACOBSON, Presiding Judge.

This appeal raises the procedural issue of whether this court has the statutory authority to review a decision of the Appeals Board of the Arizona Department of Economic Security (DES) which held that a request for review was insufficient under A.R.S. § 23–672(F).

The procedural history of this case, which is determinative on appeal, is that the original claim for unemployment benefits filed by Mary E. Lane (claimant) was accepted by a deputy of DES. The employer, Lucky Stores, Inc., appealed this determination to the Appeal Tribunal which reversed the deputy. The claimant then petitioned the Appeals Board (Board) for review, and the Board affirmed the Appeal Tribunal. The claimant timely filed a request for review pursuant to A.R.S. § 23–672(F). This statute provides, in part:

> F. A party dissatisfied with the decision of the appeals board may file a request for review within thirty days from the date of the decision, which *shall be a written request and memorandum stating the reasons why the appeals board's decision is in error and containing appropriate citations of the record, rules and other authority.* ...
> The timely filing of *such a request* for review is a prerequisite to any further appeal....

(Emphasis added.)

On August 15, 1988, the Board dismissed the claimant's request for review because it was not "accompanied by a legally sufficient memorandum ...." Claimant timely appealed to this court.

Although the clerk of the Appeals Board transmitted the record to this court, it was contended that we lacked jurisdiction to hear the appeal. This contention is based on A.R.S. § 23–672(F) which makes a request for review a prerequisite to an appeal to this court. The argument is that the request referred to is one that meets the statutory requirements, that is, be a written memorandum with citations to the record. Since the request in this case does not contain a written memorandum with citations to the record, it is urged that this court lacks jurisdiction to hear the appeal. In essence, the Board argues that its determination of the sufficiency of the request for review is not reviewable by appeal to this court.

We reject this contention. We agree, however, that our review is limited to a determination of the legal sufficiency of the request for review. While A.R.S. § 23–672(F) does set forth the required contents of a request for review before the Board and does provide the prerequisites for further appeal, the jurisdiction of this court to hear appeals from the Board is governed by A.R.S. § 41–1993, which provides in part:

> B. Any party aggrieved by a *decision upon review* of the appeals board may file an application for appeal to the court of appeals with the clerk of the appeals board within thirty days of the date of mailing of the *decision upon review....*

(Emphasis added.)

In this case, clearly the Appeals Board made a "decision upon review"—it determined that the request for review was insufficient. The claimant under the terms of the statute was "aggrieved" by that decision and filed an application for appeal. The clerk of the Board, under A.R.S. § 41–1993, is then required to transmit the record to the court of appeals. The only limitation on this duty is that the clerk "shall not process an application for appeal unless the applicant has previously *filed a timely request* for review under § 23–672...." A.R.S. § 41–1993(B) (emphasis added).

In this case, the clerk of the Board determined that the claimant had timely filed a request for review and therefore properly transmitted the record to this court. A.R.S. § 41–1993 then specifically provides: "The *court of appeals* shall thereafter grant or deny the application for appeal." (Emphasis added.)

We therefore hold that the claimant, being a party aggrieved by a "decision upon review" of the Appeals Board, properly

invoked the jurisdiction of this court to review that "decision."

The contention that A.R.S. § 23–672 is a further limitation on this court's jurisdiction is rejected. A similar argument was raised in *Wallis v. Arizona Dept. of Economic Sec.*, 126 Ariz. 582, 617 P.2d 534 (App.1980). In that case the claimant, who had not timely sought administrative review of a deputy's decision, did file a timely application for appeal from a decision which held her review to be untimely. DES argued on appeal that the untimely invoking of administrative review divested this court of jurisdiction. We disagreed, holding:

> Appellant has sought review in this court of the ... appeals board decision in the manner provided by law and is therefore not barred from obtaining judicial review of that decision in this court. Having timely filed her appeal in this court, appellant is entitled to review of the decision of the board which denied relief on the basis that she had failed to seek timely review of a decision of a lower official within the agency.

*Id.* at 585, 617 P.2d at 537.

■ As in *Wallis*, we have jurisdiction to review the decision of the Appeals Board, but that review is limited to the basis on which the "decision upon review" was rendered. In this case, this consists of determining the legal sufficiency of the request for review. We therefore turn to this issue.

■ When rendering its decision, the Appeals Board stated that claimant had the right to further review and included a section entitled "Instructions for Filing a Request for Review of the Board's Decision." The instructions included the provision that "[t]he request for review ... must be accompanied by a proper legal memorandum," and further explained that such a memorandum must include *all* of the following elements:

(a) an explanation of what you feel is wrong with the Board's decision, and

(b) an explanation of why you feel it is wrong, and

(c) substantiation of the alleged error by citations to the transcript of the hearing, to the exhibits, to appropriate statutes and regulations, to case law, or to other relevant legal authority.

In this case, claimant filed a two page request for review that merely reiterated the same evidence she gave at the tribunal hearing. It failed to contain any citations to the record or any legal authority. We agree with the Board that the memorandum was legally insufficient and thus affirm.

The decision of the Appeals Board is affirmed.

CLABORNE and HAIRE, Retired *, JJ., concur.