803 P.2d 909

**Pat G. HILDE, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,**

**and**

**Casas Adobes Travel Center, Inc., dba Gulliver's Travels, Appellees.**

**No. 1 CA–UB 90–005.**

Court of Appeals of Arizona, Division 1, Department A.

April 17, 1990.

Pat G. Hilde, Tucson, appellant pro se.

Casas Adobes Travel Center, Inc., Tucson, appellee pro se.

Robert K. Corbin, Atty. Gen. by Rick Olson, and Eileen Bond, Asst. Attys. Gen., Phoenix, for appellee ADES.

OPINION

CLABORNE, Presiding Judge.

This case involves an application for appeal to review a decision denying unemployment benefits to the appellant. We usually dispose of these applications by unpublished order. We now believe that the decision in *Lane v. Arizona Dept. of Economic Sec.*, 161 Ariz. 581, 780 P.2d 414 (App.1989), was incorrect.[1] Accordingly, we publish this disposition.

Appellant Hilde timely requested a review of an adverse decision by the appeals board. Her written request set forth her reasons why she was aggrieved, but it did not contain "citations to the record, rules and other authority."

In determining whether to grant this application for appeal, we have reviewed the decision in *Lane.* In that case, DES contended, erroneously, that if a claimant did not file a request for review which contained appropriate citations to the record, rules and other authority, such request was, in effect, no request, so that the court of appeals never achieved jurisdiction of the case. A panel of this court found that it had jurisdiction to review the adequacy of the request for review and then found the request inadequate because it did not contain appropriate citations to the record, rules, and other authority. *Lane* was certainly correct in its view that the court of appeals had jurisdiction to assess the ade-

1. This author concurred in *Lane* and is con-    vinced he erred.

quacy of the request for review. However, it's restriction on this court's power to consider the substantive merits of an application for appeal is, to our way of thinking, too rigid.

Our criticism of *Lane* rests solely on its restrictive view of the adequacy of an aggrieved employee's request for review. We feel *Lane*'s construction of § 23–672(F) does not comport with the spirit of the statute relating to unemployment insurance. The narrow reading given the statute in *Lane* devitalizes the remedial nature of the Employment Security Act. A.R.S. §§ 23–601 to –799. Section 23–601 clearly sets forth the policy upon which the Employment Security Act of Arizona is based. Economic insecurity because of unemployment severely threatens the fabric of our society and the purpose of the act is to provide funds to be used for the benefit of persons unemployed through no fault of their own. *See Vickers v. Western Electric Co.*, 86 Ariz. 7, 10–11, 339 P.2d 1033, 1036–37 (1959); *Ferguson v. Ariz. Dept. of Economic Sec.*, 122 Ariz. 290, 291, 594 P.2d 544, 545 (App.1979).

It is more in line with the purpose of the statute to say that if the request for review pursuant to A.R.S. § 23–672(F) gives the reader a fair indication of why the party feels aggrieved, that is enough to satisfy the requirement that the request for review contain *appropriate* citations. We simply do not believe that the legislature could have intended that § 23–672(F) be interpreted as it was in *Lane* in view of the purpose of the legislation and the fact that the legislature had to know that persons seeking unemployment benefits almost never have attorneys and almost always represent themselves.

The statute we construe has an analogue in the Rules of Procedure for the Juvenile Court. Rule 25(b) requires:

> An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, *together with a concise statement of the ground for the appeal supported by a memorandum of authorities....*

A failure to include a statement of grounds and a memorandum in support of that statement is not jurisdictional. *In Matter of Appeal of Yuma County*, 140 Ariz. 378, 380–81, 682 P.2d 6, 8–9 (1984), we said:

> We therefore hold that the failure to include a statement of grounds and supporting memorandum in a timely filed notice of appeal does not render the appeal jurisdictionally defective. Rather, such failure may, depending upon the circumstances, constitute a basis for dismissal of the appeal in the exercise of the court's discretion.

Both the rule and the statute concern matters of procedure, not substance. There may be times when a request for review is too abbreviated to shed any light on the nature of the claimant's asserted error. Dismissal of so deficient a request might well be appropriate. The request here is not such a case, and we choose to grant the application for appeal so that the case may be reviewed on the merits.

IT IS ORDERED granting the application for appeal.

IT IS FURTHER ORDERED directing the clerk of the Unemployment Insurance Appeals Board to prepare and transmit to the clerk of this court a complete record of the proceedings before the Department of Economic Security and a record index within forty days from the date of this order. Thereafter the appeal shall proceed in accordance with the Arizona Rules of Civil Appellate Procedure.

EHRLICH and KLEINSCHMIDT, JJ., concur.