893 P.2d 68

Yvonne CUMMINS, Appellant,

v.

**ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,**
an agency, Appellees.

**No. 1 CA–UB 94–0027.**

Court of Appeals of Arizona,
Division 1, Department B.

April 4, 1995.

Grant Woods, Atty. Gen. by Daniel W. Pozefsky, Asst. Atty. Gen., Phoenix, for appellees.

Yvonne Cummins, Phoenix, in pro. per.

## OPINION

LANKFORD, Presiding Judge.

This is an appeal from an Arizona Department of Economic Security ("DES") decision dismissing Cummins' request for review of the Appeals Board's decision because the request did not comply with Ariz.Rev.Stat. Ann. ("A.R.S.") section 23–672(F).

Cummins raises one issue on appeal. Did the Appeals Board err in dismissing Cummins' request for review?

In November 1992, a Determination of Deputy held that Cummins was ineligible for Emergency Unemployment Compensation based on her prior claim for benefits in the year ending December 1991. Because of the Determination of Deputy, DES ultimately determined that Cummins had been overpaid benefits in the amount of $99. Cummins filed a request for reconsideration of the Determination of Deputy and the conclusion that she had been overpaid $99 with the Appeal Tribunal in November 1992. The Appeal Tribunal affirmed the Determination of Deputy in part.

In July 1993, Cummins appealed to the Appeals Board. The Appeals Board affirmed the decision of the Appeal Tribunal and informed Cummins that the final date for filing a request for review was August 16, 1993. In its instructions for filing a request for review, the Appeals Board notified Cummins that

> a request for review must be filed in writing within *30* calendar days from the mailing date of the Appeals Board's decision. *A request for review is considered filed on the date it is mailed* ... to the Appeals Board ...

(Emphasis added).

Following these instructions, Cummins mailed a request for review to the Appeals Board. The postmark on the request was stamped August 17. The Board held a hearing to determine whether the request had been timely filed. The Board found that Cummins had mailed the request for review on August 16 but that she did not deposit it in the mail slot until after 6:30 P.M., which was the last mail collection time. Therefore, because the request for review was not postmarked until August 17, the board found that it was untimely and dismissed it.

■ We have jurisdiction to hear this appeal pursuant to A.R.S. section 41–1993(B). In *Wallis v. Arizona Dep't of Economic Sec.*, we held that even if the request for review was dismissed for untimeliness, so long as the claimant timely filed an appeal, this Court has jurisdiction to review the Appeals Board's decision to dismiss the request for review. 126 Ariz. 582, 585, 617 P.2d 534, 537 (App.1980).

■ DES argues that the Board correctly decided that Cummins' request for review was untimely and, therefore, properly dismissed the request. We will not disturb the Board's findings of fact unless they are arbitrary, capricious or an abuse of discretion. *Avila v. Arizona Dep't of Economic Sec.*, 160 Ariz. 246, 248, 772 P.2d 600, 602 (App.1989). However, we are not bound by the Board's legal conclusions and are free to determine whether the Board correctly interpreted the law. *Id.*

The statute governing requests for review, A.R.S. Section 23–672(F) states:

> A party dissatisfied with the decision under subsection E of this section may file a request for review within thirty days from the date of the decision ... The timely filing of such a request for review is a prerequisite to any further appeal ...

■ We have broadly construed this statute in the past. *See Hilde v. Arizona Dep't of Economic Sec.*, 166 Ariz. 498, 499, 803 P.2d 909, 910 (App.1990). We have done so in light of the legislature's knowledge that nearly all benefit applicants are unaided by counsel and the legislative purpose of the Employment Security Act of Arizona, which "is to provide funds ... for the benefit of persons unemployed through no fault of their own." *Hilde*, 166 Ariz. at 499, 803 P.2d at 910. In short, the act is "remedial legislation and should be given a liberal interpretation to effectuate its purpose." *Maldonado v.*

*Arizona Dep't of Economic Sec.,* 182 Ariz. 476, 478, 897 P.2d 1362, 1364 (App.1994).

■ This approach is also used to interpret DES procedural rules, which should not be interpreted to frustrate the purpose of the statute. *Cf. Hilde v. Arizona Dep't of Economic Sec., supra* (procedural statute must be liberally interpreted to effectuate legislative purpose).

■ DES relies on the Arizona Administrative Code provision regarding the filing of a request for review, which provides:

A. Except as otherwise provided by statute or by Department regulation, any ... request ... submitted to the Department *shall be considered received by and filed* with the Department:

1. *If transmitted via the United States Postal Service or its successor, on the date it is mailed as shown by the postmark* ...

A.A.C. R6–3–1404(A)(1) (Emphasis added). DES argues that because Cummins' request for review was postmarked August 17, it was untimely.

A.A.C. R6–3–1404(B) provides three grounds on which an untimely request for review can be held to have been timely filed: (1) delay due to a Department error or misinformation; (2) delay on the part of the United States Postal Service; or (3) change in the petitioner's mailing address. Because Cummins did not change addresses, the third ground is inapplicable. As to the second ground, the Board found that there was insufficient evidence in the record to establish that the untimely submission of the request for review was due to delay or other action of the Post Office. The Board held that "the Claimant had not established any fact which would invoke the provisions of Arizona Administrative Code, Section R6–3–1404(B) ..."

However, the Board made no finding whether the delay was due to a Department error or misinformation. In its instructions for filing a request for review, the Appeals Board notified Cummins that "[a] request for review is considered filed on the date it is mailed." There was no explanation that the request for review must be postmarked within 30 days of the Board's decision. Furthermore, the record does not indicate that Cummins received a copy of Arizona Administra-

tive Code section R6–3–1404(A), explaining that a request for review is considered filed on either the date of the postmark or the date of receipt. The instructions merely require that the request be *mailed* within 30 days.

The ordinary meaning of "mail" is "to send by mail." *Webster's Ninth New Collegiate Dictionary,* 717 (1983). The dissent defines mail, in part, as "to turn over to the postal department for transmission." *See Webster's New Universal Unabridged Dictionary,* 1086 (1983). Cummins did so when she deposited her request in the mailbox. She then relinquished all control and left the document in the custody of the post office for delivery.

Had the instructions informed Cummins that the request must be *postmarked* within 30 days, we would agree that the filing was untimely. However, they did not. We believe that in view of the unexplained rule requiring a postmark, the department's instructions are misleading to claimants.

To hold a claimant untrained in the law to the postmark regulation in light of the explicit instructions would merely frustrate the legislative policy to confer unemployment compensation. *See generally Hilde,* 166 Ariz. at 499, 803 P.2d at 910 (statutory requirement of request for review must be read liberally in light of legislative purpose to provide funds for the unemployed).

The dissent argues that our decision invites abuse from less scrupulous claimants. We disagree. The Board must, as it did here, make a finding of the credibility of a claimant's contention that she mailed the request within 30 days. Absent an abuse of discretion, we must abide by that finding.

The Board found—and there is no dispute—that Cummins mailed the request for review on August 16 as she had testified. Cummins also testified without contradiction that she did so based on the instructions the department had provided. Accordingly, her request for review was timely filed under R6–3–1404(B). "Claims *should* be heard on their merits if the failure to comply with a deadline or attend a hearing is of the type which can be said to be excusable." *Maldo-*

*nado,* 179 Ariz.Adv.Rep. at 27, 187 Ariz. at 476, 897 P.2d at 1362.

Accordingly, we hold that Cummins timely filed her request for review and remand to the Board of Appeals to decide the request for review on its merits.

TOCI, J., concurs.

EHRLICH, Judge, dissenting:

I respectfully dissent. While there frequently is a temptation to make an exception to, or stretch the meaning of a rule when the infraction is small and without manifest guile, it is not the province of this court to so act. In this case, the record is uncontradicted that the petitioner knew that the last day she had to mail her request for review was August 16, 1994. Indeed, she placed the envelope containing the filing, correctly stamped and addressed, into a Yuma Post Office receptacle on that date. However, she placed the envelope in the mail slot at the post office at 8:00 p.m., a full one-and-one-half hours after the last posted collection time and, therefore, after the close of Postal Service business. Accordingly, the petitioner's request for review was not processed and no postmark was stamped until the following day. In my opinion, this does not constitute a timely mailing.

Arizona Administrative Code ("A.A.C.") R6–3–1404(A) (Supp. Dec. 31, 1994) provides, in relevant part:

A. Except as otherwise provided by statute or by Department regulation, any ... request ... submitted to the Department shall be considered received by and filed with the Department:

1. If transmitted via the United States Postal Service or its successor, on the date it is mailed *as shown by the postmark,* or in the absence of a postmark the postage meter mark, *of the envelope in which it is received;* ... [Emphasis added.]

Additionally, the regulations provide that, in the absence of a "written explanation" "establish[ing] to the satisfaction of the Department" that an untimely filing was caused by: (1) DES error or misinformation, (2) delay or other action of the United States Postal Service or (3) a change in petitioner's mailing address, the filing will not be considered timely. *See* A.A.C. R6–3–1404(B) and (B)(1).

The majority observes, and I concur, that neither the second nor third excuses apply. The Postal Service delivered the petitioner's filing on August 17, 1993, the same day it processed and postmarked the request, and the petitioner did not change her address. Instead, latching onto the lack of a specific finding that no DES error or misinformation occurred, the majority finds agency fault when none should be found. Noting that the Appeals Board's *instructions for filing* a request for review provided that a "request for review is considered filed on the date it is mailed," the majority concludes that the Appeals Board misinformed the petitioner by failing to specify that, when transmitting a request via the United States Postal Service, the postmark determines the date of mailing and by failing to send her a copy of the regulations indicating that such was the rule.

The ambiguity the majority accords the term "mailing" under the regulations is one of its own making. *Webster's Ninth New Collegiate Dictionary,* 717 (1987), defines "mail" to mean "to send by mail." Contrary to the majority's inference that this definition encompasses the mere placement of an envelope or package in a mailbox, mailslot, or other Postal Service repository, no matter the time of day or night, I believe that the modifying phrase "by mail" denotes a quite specific method of transmission, namely processing and delivery by the United States Postal Service according to its procedures. One of its most-recognized procedures is that, in order for a letter or package to be "mailed" by a particular day, it must not only be received by the Postal Service on that day, but it must be received before the close of business so that it will be processed, as denoted by a postmark, on that date.

This definition accords with the more detailed and helpful definition of the verb "mail" found in *Webster's New Universal Unabridged Dictionary,* 1086 (1983): "to send by mail, to post, *to turn over to the postal department for transmission."* (Emphasis added.) One cannot "turn over [mail] to the postal department for transmission" on a particular day without having delivered

the mail to the Postal Service on that date and prior to the final collection time posted on the chosen postal receptacle. *Cf. Salt River Project v. Arizona Dept. of Economic Security,* 156 Ariz. 155, 157, 750 P.2d 913, 915 (App.1988) (under statutes and regulations, proper filing, by mail, implies placing the filing "in the hands of the United States Postal Service").

The regulations conform to this definition of "mail." As the majority recognizes, the regulations purposely distinguish between submissions "transmitted via the United States Postal Service," A.A.C. R6–3–1404(A)(1), and those "transmitted by any means other than the United States Postal Service." A.A.C. R6–3–1404(A)(2). In the latter case, a filing is dated upon receipt by DES, while in the former case, it is the Postal Service's postmark that determines the filing date. However, until the Postal Service actually processes a particular piece of mail, the item cannot and does not carry this official imprimatur. The Postal Service's authoritative processing and transmission of the mail is what permits DES to allow for filing upon postmark, not upon receipt. The mere deposit of piece of mail in a postal receptacle does not trigger Postal Service processing; rather, the Postal Service's physical receipt of the mail is what begins the transmission of mail "via the United States Postal Service."

I also believe that the majority's definition of "mail" would permit filings which never could be construed as timely. Had the petitioner walked into the Yuma Post Office at whatever time the post office opened on August 17, 1994, and mailed the request for review, the majority would not argue that the mailing was timely. Yet, by what credible and effective method are we to distinguish between those who mail their filings after the close of business on the last day allowed for such filings from those who place the filing a few hours, or even minutes, before the first mail collection on the following day? Under the majority's way of thinking, an applicant or petitioner with less than laudable scruples would be permitted to take advantage of a de facto "grace period" not intended by the regulations. The regulations, as interpreted

by DES, provide a logical and uniform basis for distinguishing between timely and untimely filings.

I also question the majority's reliance upon *Maldonado v. Arizona Dept. of Economic Security,* 179 Ariz.Adv.Rep. 25, 182 Ariz. 476, 897 P.2d 1362 (App.1994), as a basis for upsetting the Appeals Board's determination in this case. I concur with the majority and the court in *Maldonado* that "[c]laims *should* be heard on their merits if the failure to comply with a deadline ... is of the type which can be said to be excusable." *Id.,* 182 Ariz. at 479, 897 P.2d at 1365. However, when, as here, the petitioner's failure to timely file her request for review is not excusable, *Maldonado* is persuasive authority for declining relief. Moreover, unlike the factual situation presented in *Maldonado,* wherein the claimant never had the opportunity to argue her case before DES, the petitioner in this case has appeared and argued her case on several occasions. Relief in this context is clearly less compelling than in *Maldonado.*

It is not enough for a petitioner, not lacking sufficient notice of the date on which her pleading must be mailed, to blithely disregard the processing deadline of the Postal Service. A mailing in this case, as it is in other similar circumstances, is denominated by a postmark. In sum, balanced against the deference which we rightfully give an agency's interpretation of its own regulations, *e.g., Northland Pioneer College v. Zarco,* 179 Ariz. 44, 46, 875 P.2d 1349, 1351 (App.1994); *Capitol Castings, Inc. v. Arizona Dept. of Economic Security,* 171 Ariz. 57, 60, 828 P.2d 781, 784 (App.1992), I am unpersuaded by the majority's reading of the regulations. Consequently, I respectfully dissent.