**QUALITY INNS INTERNATIONAL, INC., Plaintiff,**

v.

**TAMPA MOTEL ASSOCIATES, LTD., et al., Defendants.**

**No. 90–1130–CIV–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

March 29, 1994.

Lynn H. Cole, Allen, Dell, Frank & Trinkle, Tampa, FL, Richard M. Kremen, Harry M. Rifkin, Semmes, Bowen & Semmes, Baltimore, MD, for plaintiff.

Thomas Kevin Morrison, Tracey K. Jaensch, Morrison, Morrison & Gregory, P.A., Jack M. Rosenkranz, Law Office of Jack M. Rosenkranz, Tampa, FL, for Tampa Motel Associates, Ltd. and Ameritrust Properties, Inc.

William Preston Gregory, William P. Gregory, P.A., Francis R. Lakel, Tampa, FL, for Dale Mabry Properties, Ltd., Robert Cox, Ray T. Soltesz.

## ORDER ON MOTIONS TO STRIKE AND FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Dale Mabry Properties, Ltd. ("Dale Mabry") and Robert A. Cox ("Cox"), Defendants' Motion for Summary Judgment (Docket Nos. 104, 105); Quality Inns, International, Inc. ("Quality Inns"), Plaintiff's Motion for Partial Summary Judgment (Docket Nos. 106, 107); Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment (Docket No. 114); and Quality Inns' Motion to Strike Inadmissible Evidence in Affidavit of Cox (Docket No. 124).

### PROCEDURAL BACKGROUND

Tampa Motel Associates, Ltd., a Florida limited partnership, and its general partner, Ameritrust Properties, Inc. ("Ameritrust") were the only defendants named in the original complaint filed January 29, 1989. (Civil Case No. PN–89–224). Leave to file an amended complaint was granted by the United States District Court for the District of Maryland. The amended complaint filed May 7, 1990, added Dale Mabry, Cox, and Ray T. Soltesz ("Soltesz"). Tampa Motel Group collectively refers to all the Defendant parties listed above. Jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332 (1988). Quality Inns is a Delaware corporation with its principal place of business in Maryland. Quality Inns is a large franchisor of hotels and motels located throughout the world. Tampa Motel Group are Florida citizens with their respective principal place of business in Florida. The amount prayed for in the original complaint totalled $141,641.84 excluding interest and costs.

The original complaint was amended by leave of the United States District Court for the District of Maryland and filed on May 7, 1990. The amended complaint added Robert Cox, Ray Soltesz, and Dale Mabry as defendants. These defendants moved to transfer this case pursuant to 28 U.S.C. § 1404(a) (1988) for the convenience of the witnesses. *Roby v. General Tire & Rubber Co.*, 500 F.Supp. 480, 486 (D.Md.1980). This case was transferred from the Maryland District Court to this Court on September 12, 1990.

This Court entered a final default judgment in favor of Quality Inns against Soltesz on March 3, 1993. (Docket No. 73). The judgment was modified on April 7, 1993, and provided that Quality Inns recover from Soltesz: (1) the principal sum of $141,641.84; (2) prejudgment interest in the amount of $79,-983.49 through March 22, 1993, plus $69.95 per diem until final judgment is entered; (3) costs in the amount of $2,402.15; (4) attorney fees in the amount of $43,225.50; and (5) post-judgment interest at the rate of 3.67% pursuant to Title 28 U.S.C. § 1961 (1988). (Docket No. 82).

### FACTS

In December 1984, Tampa Motel entered into a franchise agreement ("FA") with Quality Inns to operate a motel in Tampa, Florida. The agreement provided, *inter alia:* 1) Tampa Motel would convey the motel subject to the express condition that its successor-in-interest agree in writing to assume Tampa

Motel's obligations to Quality Inns for the remainder of the franchise term (FA § 8(a)); 2) that Quality Inns retained the right to approve any such transfers by written consent only and that Tampa Motel's payment of all monies owed to Quality Inns was a condition precedent to such consent by Quality Inns (FA § 8(b)); and 3) that Tampa Motel would inform and seek approval from Quality Inns if Tampa Motel disposed of a significant percentage of its assets (FA § 8(g)).

Tampa Motel and Quality Inns also executed further agreements whereby Tampa Motel leased a motel sign and computer terminal from Quality Inns. Tampa Motel began operating the motel as a Quality Inns franchise in February 1985.

In April 1986, Cox and Soltesz executed a limited partnership agreement ("LPA") and created Dale Mabry. Under the LPA, Tampa Motel transferred its property and interest to Dale Mabry. This transfer expressly included rights under the FA with Quality Inns. Tampa Motel agreed to be "current" and "paid-up" with its leases, permits, and franchises "other than the Quality Inns license." (LPA § 5.1, p. 8). Cox and Soltesz promised to make loans to Tampa Motel to satisfy the debts but reserved the option, on their sole election, to assume personal responsibility for paying Tampa Motel's debts. (LPA § 5.1, p. 9).

Cox wrote to Everett Casey, Quality Inns' Assistant General Counsel, on April 26, 1986, requesting information about terminating the Quality Inns franchise. In that letter, Cox also stated: "As mortgagee for this motel I have been placed in the unenviable position of assuming control of this property as an alternative to foreclosure." Cox and Casey attempted to settle the claims of Quality Inns against Tampa Motel and Dale Mabry. On May 21, 1986, Cox again wrote Casey stating: "I have agreed to assume the [Quality Inns] property ownership in lieu of foreclosure." The letter also confirmed an agreement for the payment of $24,000.00 "as a final settlement against payables due your firm by [Tampa Motel]."

The franchise was terminated by agreement in June 1986. On June 23, 1986, Casey wrote Cox to confirm the settlement conversations. Casey's letter proposed: 1) $24,500.00 in settlement of charges accruing prior to April 1, 1986 and 2) $17,503.00 in settlement of amounts due for the use of the name and services of Quality Inns after April 1 (half of April and May billings). Casey demanded that Cox pay the total amount of $42,003.00 within ten days and promptly discontinue using the Quality Inns name and logo. The settlement amount was never paid.

On September 30, 1986, Cox again wrote Casey. Cox cited an outstanding Tampa Motel receivable as the reason for the delay in paying the settlement amount. Cox requested that Casey send him written confirmation of the agreement and restated his intention to make the payment. On October 3, 1986, Casey sent a copy of the June 23 letter and again requested payment. No payment was made. On April 23, 1987, Casey demanded a final payment of $42,003.00 and threatened suit if payment was not made within ten days.

Although no payment was made, this suit was not filed until January 25, 1989. The complaint was amended on May 7, 1990, and alleges, *inter alia:* 1) that Dale Mabry assumed responsibility for Tampa Motel's existing debt to Quality Inns and 2) that Dale Mabry owes Quality Inns payments due for franchise services rendered between the time Dale Mabry took possession of the franchise and termination of the franchise. The amended complaint seeks judgment against Dale Mabry for $141,641.84, the same amount originally claimed from Tampa Motel and Ameritrust.

On March 14, 1990, Quality Inns attempted to serve Soltesz, Cox, and Dale Mabry by certified mail, restricted delivery, return receipt requested. Soltesz was personally served. Mail service to Dale Mabry and Cox was addressed to Cox's business office, and the return receipts were signed by "D. Ward." Although plaintiff asserts that D. Ward is an authorized agent for Dale Mabry and Cox, Cox submitted an affidavit denying D. Ward is an authorized agent. This Court denied both Dale Mabry and Cox's Motion to

Dismiss pursuant to Fed.R.Civ.P. 12(b)(5) on February 6, 1991.

## MOTIONS TO STRIKE

 In diversity of citizenship cases, federal courts follow the conflicts of law rule existing in the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In an action transferred pursuant to 28 U.S.C. § 1404, the forum state is the state where the action was originally filed. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964). Under the Maryland conflicts of law rule, questions of substantive law are to be decided according to the law of the state where the cause of action accrued, but procedural matters are governed by Maryland law. *Doughty v. Prettyman*, 219 Md. 83, 148 A.2d 438, 440 (1959). Included in the procedural matters governed by Maryland law is the statute of limitations. *Id.* at 440.

### Motion to Strike Response

 This Court will first address Dale Mabry/Cox's Motion to Strike Quality Inns' Response to Dale Mabry/Cox's Motion for Summary Judgment. (Docket No. 114). Motions to strike are generally viewed with disfavor and are infrequently granted. *Tingley Systems, Inc. v. Bay State HMO Management, Inc.*, 833 F.Supp. 882, 884 (M.D.Fla.1993); *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D.Tex.1993). The determination of whether a motion to strike should be granted is within the trial court's discretion. Pursuant to Local Rule 3.01(b) of the Local Rules of the Middle District of Florida, parties opposing any written motion have ten days to respond to the motion. Pursuant to Federal Rule of Civil Procedure 6(b)(2), the court for cause shown may at any time in its discretion, "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

 Dale Mabry/Cox assert that Quality Inns did not file its response timely in accordance with Local Rule 3.01(b) and Rule 6(a) of the Federal Rules of Civil Procedure. Dale Mabry/Cox has not offered any reason why it may be prejudiced and why its motion should be granted except for the fact that Quality Inns missed the filing date by two days. Quality Inns states in its response it inadvertently miscalendared the response filing date. (Docket No. 122). Quality Inn has filed all other motions and documents in this case timely and openly admits its error in this circumstance. The Court reminds the parties this litigation has been ongoing for four years with several delays during discovery, arbitration, and substitutions of attorneys. Given the history of this case, a response inadvertently filed two days late is deemed excusable neglect. Dale Mabry/Cox have not shown how it may be prejudiced; therefore, Dale Mabry/Cox's Motion to Strike Quality Inns' Response is DENIED.

### Motion to Strike Affidavit

 The Court will next review Quality Inns' Motion to Strike Inadmissible Evidence in Affidavit of Cox (Docket No. 124). The general rule regarding the introduction of parol or extrinsic evidence to aid in the interpretation of a contract is that it is prohibited unless the contract is ambiguous. *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987) (citing *Uransky v. First Federal Savings and Loan Ass'n of Ft. Myers*, 684 F.2d 750 (11th Cir.1982)). Maryland also follows this rule. *Mid–State Electric Inc. v. H.L. Libby Corp.*, 787 F.Supp. 494, 497–99 (E.D.Pa.1992) (interpreting Maryland's parol evidence rule).

 A contract is ambiguous if the terms are reasonably susceptible to more than one meaning. *Hennigan v. Chargers Football Co.*, 431 F.2d 308, 314 (5th Cir.1970). A latent ambiguity exists where a document is rendered ambiguous by some collateral matter. *Hashwani*, 822 F.2d at 1040. Under such circumstances the trial court is obligated to consider parol evidence to determine whether the contract is ambiguous. This principle is applicable in this case because the parties' rights and obligations in both the FA and the LPA are not clearly stated.

Quality Inns argues that the LPA is clear on its face and that no ambiguity exists. As

such, evidence in the affidavit which goes to the intent of the contract should be stricken since parol evidence cannot be introduced when the contract is unambiguous on its face. Dale Mabry/Cox assert in its response the information contained in the affidavit is necessary to show the intent of the parties because the agreement is "lengthy and convoluted" and is not presented to change the express provisions of the contract. (Docket No. 125). As discussed more fully below, there is a genuine issue of material fact regarding the terms of the LPA,[1] therefore Quality Inns' Motion to Strike is DENIED.

## MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

On a motion for summary judgment, the court's function is not to weigh the evidence and determine the truth of the matter, but to determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the nonmoving party, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. This Court has examined the motions, responses, affidavits and other evidence and determined that there are genuine issues of material fact surrounding the FA and the LPA which preclude summary judgment.

*Statute of Limitations*

■ As discussed earlier, in cases based on diversity, courts will interpret the conflicts of law rule in the forum state. In Maryland, questions of substantive law are to be decided according to the law of the state where the cause of action accrued, but procedural matters are governed by Maryland law. *Doughty v. Prettyman*, 219 Md. 83, 148 A.2d 438, 440 (1959). The statute of limitations is a procedural matter. *Id.* at 440. The Maryland Code provides: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md.Code Courts and Judicial Proceedings, § 5–101 (1984). In this case, the cause of action date is considered the date of the transfer of the franchise, June 16, 1986. (Docket No. 105).

■ Federal Rule of Civil Procedure 15(c) permits an amendment of a pleading and the addition of a party to relate back to the date of the original pleading if several conditions are met. Relation back is dependent upon: (1) the claims against the new party arise out of the same occurrence as the claims in the original pleading; (2) the new party received notice of the institution of the action *before* the limitations period expired, and (3) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Schiavone v. Fortune*, 477 U.S. 21, 28, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) (emphasis added).

■ The first condition of Rule 15(c), a showing the claim arises from the same occurrence, has been met. Because of the nexis between the FA, the LPA, and the related transfer, it is clear the claim against Dale Mabry/Cox did arise out of the same occurrence as the claim stated in the original

---

1. Dale Mabry/Cox state in their response that Article V, Capital and Contributions, § 5.1 Partners' Capital Contributions and Other Requirements, encompasses pages 5 through 16. The parties have submitted four different copies of the LPA at different stages of this litigation. Each copy is missing page 16. This Article is the primary section which both parties request the Court review and interpret. The Court would find it helpful to have the entire agreement before it as this litigation continues.

complaint. However, the second and third conditions require additional analysis.

Some Courts of Appeals have recognized an "identity-of-interest" exception under which an amendment that substitutes a party in a complaint *after* the limitations period has expired will relate back to the date of the filing of the original complaint. *Schiavone*, 477 U.S. at 28, 106 S.Ct. at 2384 (citing cases from the Fifth, Ninth, and Tenth Circuits) (emphasis added). The Eleventh Circuit has not recognized or rejected the identity-of-interest exception. The identity-of-interests principle provides that the institution of an action serves as constructive notice of the action to the parties added after the limitations period has expired and no prejudice would result. *Id.* The relation back is granted when the original and added parties are so closely related in business or other activities that is fair to presume that the added parties learned of the institution of the action shortly after it was commenced. *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir.1979).

The identity-of-interest exception applies in this case. Quality Inns asserts since Tampa Motel transferred its rights and interests to Dale Mabry/Cox, as mortgagee, and for the stated purpose to own and manage the property where the Quality Inns franchise was located. This transfer "links" the entities as co-partners in a limited partnership. Additionally, Quality Inns states that Cecily Silberman, President of Ameritrust has admitted that she notified Cox of the action shortly after its filing. (Tampa Motel/Ameritrust Admission No. 11). Therefore, when the property was transferred to Dale Mabry/Cox, it received notice of the action before June 1989.

The third condition, mistake, has also been met. In *Advanced Power Systems v. Hi–Tech Systems, Inc.*, 801 F.Supp. 1450, 1457 (E.D.Pa.1992), the court stated: "Courts have generally held that [the mistake condition] is satisfied when the original party and the added party have a close identity of interest." Dale Mabry/Cox admitted it was not acting as an employee and its relationship was independent from Tampa Motel. (Docket No. 105, paras. 20, 21). As set forth in Casey's affidavit, Casey states he did not learn of the LPA until discovery began and was therefore mistaken as to which party to sue. Dale Mabry/Cox knew or should have known but for the mistake the proper parties would have originally been brought into the suit.

The United States District Court for Maryland granted leave to amend the original complaint. Quality Inns has satisfied the required showing necessary under Rule 15(c) and the identity-of-interest exception. Therefore, this Court finds the amended complaint relates back to the original filing date of January 29, 1989. This is well within the three-year statute of limitations for contract actions under Maryland law. As a result, Dale Mabry/Cox's Motion for Summary Judgment is DENIED.[2]

### Breach of Contract

The remaining motions: Dale Mabry/Cox Motion for Summary Judgment (Docket No. 105), Quality Inns' Motion for Partial Summary Judgment against Tampa Motel/Ameritrust (Docket No. 106),[3] and Quality Inns' Motion for Partial Summary Judgment against Dale Mabry/Cox (Docket No. 107) pertain to the FA and the LPA.

**2.** Quality Inns argue in the alternative that the contract in question, the FA, is one "under seal" and therefore, a 12–year statute of limitations applies. Md.Code, Courts and Judicial Proceedings, § 5–102(a)(5) (1984). However, both the FA and the LPA are at issue in this case. This Court will not discuss this issue since Florida law, which would apply to the LPA, does not recognize contracts under seal. It is not clear if a Florida assignee would be subject to a contract made under seal. Further factfinding will be necessary to determine each party's rights and obligations under the FA and the LPA.

**3.** Local Rule 3.01(b) states: "Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested." The Quality Inn Motion was served on Tampa Motel/Ameritrust on or about October 25, 1993. The attorney of record for Tampa Motel/Ameritrust has not filed a response to Quality Inns' Motion. The Court reminds counsel that timely responses must be filed before the Court can consider them.

This Court is satisfied that factual disputes remain which preclude the entry of summary judgement. Essentially, Dale Mabry/Cox argue they were not parties to the FA and therefore are not in privity with Quality Inns. Quality Inns asserts the FA should be read in conjunction with the LPA which would support a finding of an assignment and delegation of the FA to Dale Mabry/Cox.

■ The general rule is that a "manifestation of assent by an assignee to the assignment is essential to make it effective...." Restatement (Second) of Contracts § 327(1) (1979). Thus, for purposes of Quality Inns' motion for summary judgment, the Court would have to find: (1) a clear intent to transfer by the alleged assignor and (2) that the alleged assignee made a manifestation of assent to the assignment. Privity of contract accompanies a valid assignment. *Collins Co., Ltd. v. Carboline Co.*, 125 Ill.2d 498, 127 Ill.Dec. 5, 532 N.E.2d 834 (1988). For purposes of Quality Inns' Motion for Partial Summary Judgment, when considering the evidence in the light most favorable to the nonmoving party, Dale Mabry/Cox, it is clear there remains a genuine issue of material fact whether there was a valid assignment in this case.

When considering the rules governing assignments, one must distinguish between assignment of rights and delegation of duties. Restatement (Second) of Contracts § 316, cmt. c. (1979). The general rule as stated in *United States v. Thompson & Georgeson, Inc.*, 346 F.2d 865, 869 (9th Cir.1965), is that "[m]erely as assignee one does not become affirmatively liable for a deficit in accounts between his assignor and the other party to the assigned contract. Any such liability would have to be based upon an affirmative assumption, by the assignee, of the obligations of his assignor on the contract, or upon some independent contractual arrangement." Even if it is assumed that there was a valid assignment, there is still a question whether Dale Mabry/Cox affirmatively assumed the obligations under the FA.

Quality Inns supports its assignment and delegation argument by citing the following portions of the FA:

8(a): Franchisee covenants and agrees to sell, lease, sublease or otherwise convey the Franchised Inn only upon the express condition that the buyer, lessee, or successor-in-interest agrees in writing to assume (subject to Quality Inns' approval as set forth in this paragraph) Franchisee's obligations under this Agreement for the unexpired term hereof.

8(b): The franchise herein granted is personal to Franchisee and may not, in any manner, be sold, assigned, leased, sublet, pledged or otherwise transferred without Quality Inns' prior written approval.

8(c): As a condition precedent to such approval by Quality Inns, the transferee shall execute an agreement assuming the obligations of Franchisee under this Agreement.

Dale Mabry/Cox cite to the following portion of § 5.1 of the "lengthy and convoluted" LPA:

Page 6: Such conveyances shall also include the Original Limited Partner's right, title and interest in and to the name "Quality Inn" and all trade names used in connection with the property and all items of personalty imprinted with "Quality Inn" thereon.

Page 8: Further, all leases, licenses, permits and franchises, other than the Quality Inn license, contributed by [Tampa Motel] shall be current, paid-up, in force and not in default.

Page 9: If the available cash flow is insufficient to pay all such payables, [Dale Mabry/Cox/Soltesz] shall loan to [Tampa Motel] the amount of such insufficiency ... and [Dale Mabry/Cox/Soltesz] may, at his or their sole election, reduce the amount of its required cash loan(s) to [Tampa Motel] by assuming the obligation and responsibility for payment of all or a portion of any one or more of the payables required to be paid.

It is clear this Court cannot determine whether there was a valid assignment and delegation of the FA under the LPA. This Court similarly cannot rule as a matter of law whether there was a lack of privity between Dale Mabry/Cox and Quality Inns. Against this backdrop, there is at least a

genuine issue of material fact with respect to whether there was an assignment of the "rights, interests, and obligations." These issues are better left for the finder of fact to decide. Therefore, Dale Mabry/Cox's Motion for Summary Judgment is DENIED; Quality Inns Motion for Partial Summary Judgment against Dale Mabry/Cox is DENIED; and Quality Inns Motion for Partial Summary Judgment against Tampa Motel/Ameritrust is DENIED.

Accordingly, it is **ORDERED:**

1. Dale Mabry/Cox Motion for Final Summary Judgment (Docket No. 104) be **denied;**

2. Dale Mabry/Cox Motion for Summary Judgment (Docket No. 105) be **denied;**

3. Quality Inns' Motion for Partial Summary Judgment against Tampa Motel/Ameritrust (Docket No. 106) be **denied;**

4. Quality Inns' Motion for Partial Summary Judgment against Dale Mabry/Cox (Docket No. 107) be **denied;**

5. Dale Mabry/Cox Motion to Strike Plaintiff's Response to Defendants Motion for Summary Final Judgment (Docket No. 114) be **denied;** and

6. Quality Inns' Motion to Strike Inadmissable Evidence in Affidavit of Cox (Docket No. 124) be **denied.**

**DONE and ORDERED.**