909 P.2d 481

**Jeremia DIOGUARDI, M.D., Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable William P. Sargeant, III, a judge thereof, Respondent Judge,**

**The ARIZONA BOARD OF MEDICAL EXAMINERS; and Mark R. Speicher, in his capacity as Executive Director thereof, Respondents–Real Parties in Interest.**

**No. 1 CA–SA 95–0064.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 26, 1995.

As Corrected on Grant of Reconsideration Dec. 29, 1995 and Jan. 17, 1996.

Estrada, Estrada & McCormick by Cynthia R. McCormick, Phoenix, for Petitioner.

Grant Woods, Attorney General by James M. McGee, Assistant Attorney General, and Michael N. Harrison, Assistant Attorney General, Phoenix, for Respondents–Real Parties in Interest.

## OPINION

FIDEL, Judge.

This special action concerns the validity of an administrative procedural rule of BOMEX—the Arizona Board of Medical Examiners—requiring motions for rehearing to be filed within ten days. We hold that the rule violates BOMEX's statutory mandate to draw its rehearing procedures "as closely as practicable from rule 59, Arizona rules of civil procedure." *See* Arizona Revised Statutes Annotated ("A.R.S.") § 41–1062(B); Ariz.R.Civ.P. 59, 16 A.R.S.

### I.

Petitioner Jeremia Dioguardi, M.D., had engaged in the general practice of medicine in Arizona for thirty-nine years before undergoing administrative proceedings before BOMEX in 1993 and 1994. At the close of the first stage of proceedings, BOMEX placed Dioguardi on probation, finding that he had engaged in unprofessional conduct by permit-

ting unlicensed members of his staff to treat and prescribe medicine for patients and by maintaining inadequate patient records. As a condition of probation, BOMEX required Dioguardi to take and pass the Special Purpose Examination ("SPEX")—a standardized examination that tests the medical competence of practicing medical doctors.

By the conclusion of an extended probationary period, Dioguardi had taken the examination on four occasions without achieving a passing score. In August 1994, a BOMEX hearing officer conducted an evidentiary hearing, found that Dioguardi had violated his probation by not passing the SPEX, and recommended revocation of his license. In October 1994, the BOMEX board adopted the hearing officer's findings and recommendations. BOMEX mailed its findings of fact and conclusions of law to Dioguardi on October 18, but neglected to include a final order of revocation. BOMEX mailed a corrected notice, which included an order of revocation, on October 19, 1994.

On November 3, the fifteenth day after BOMEX mailed the corrected notice, Dioguardi moved for rehearing and requested a stay. On November 4, Mark R. Speicher, the executive director of BOMEX, informed Dioguardi's counsel that BOMEX would not stay the revocation because Dioguardi had not moved for rehearing within the ten-day period permitted by BOMEX administrative rules.[1] Speicher explained that the BOMEX board would meet in January to decide, as a matter of discretion, whether to waive the ten-day filing deadline, grant Dioguardi's request for a stay, and consider the merits of his motion. In the interim, the revocation order would stand.

That day, November 4, Dioguardi filed a complaint in the superior court, seeking review of BOMEX's decision and a stay of revocation pending review. The superior court granted the stay but deferred addressing the merits until BOMEX had decided whether to consider Dioguardi's motion for rehearing. In January BOMEX met and declined to waive the ten-day rule; it then moved in the superior court for dismissal of Dioguardi's complaint on the ground that he had not exhausted administrative remedies.

The trial court granted BOMEX's motion, and Dioguardi filed both a notice of appeal and this special action. We accepted special action jurisdiction because of the merit of Dioguardi's position, because the invalidity of BOMEX's rule is a matter of statewide importance, and because the need for speedy resolution precluded adequate remedy by appeal. In a contemporaneous order we granted relief, indicating that this opinion would follow.

## II.

[redacted] The trial court mistakenly concluded, pursuant to A.R.S. § 12–902(B), that Dioguardi's failure to file a timely request for rehearing placed the BOMEX decision beyond judicial review. A.R.S. § 12–902(B) provides:

> Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such decision. If under the terms of the law governing procedure before an agency an administrative decision has become final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision shall not be subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.

1. The time count does not run from the incomplete notice of October 18, but from the corrected and complete notice of October 19. By the terms of the BOMEX rule (Arizona Administrative Code § R4–16–106(A), requiring a request for rehearing "not later than ten days *after* service"), BOMEX was obliged to omit the date of service from the count. Because the tenth day after service, October 29, 1994, was a Saturday, Dioguardi's request was due—if the BOMEX rule was valid—no later than Monday, October 31, 1994. If, however, as Dioguardi maintains, BOMEX was statutorily obliged to provide at least fifteen days for filing, Dioguardi filed a timely request on November 3, 1994, the fifteenth day.

To reach its jurisdictional conclusion, the trial court erroneously assumed the answer to the very question before it—the validity of the BOMEX ten-day rule. Only if BOMEX had validly adopted and applied its ten-day rule would Dioguardi have failed to exhaust his administrative remedies. The question before the court was whether the ten-day rule itself complied with "the terms of the [statutory] law governing procedure before an agency." A.R.S. § 12–902(B). That question was firmly within the trial court's jurisdiction, as it is within our jurisdiction on review.

### III.

BOMEX has statutory authority to adopt "rules regarding the regulation and the qualifications of doctors of medicine" in Arizona. A.R.S. § 32–1403(A)(8). Those rules, however, must conform to the requirements of the Administrative Procedure Act, A.R.S. title 41, chapter 6. *See* A.R.S. § 32–1404(C). Rules relating to hearings and rehearings are governed by A.R.S. § 41–1062. Subsection 41–1062(B) provides:

> Except when good cause exists otherwise, the agency shall provide an opportunity for a rehearing or review of the decision of an agency before such decision becomes final. Such rehearing or review *shall be governed by agency rule drawn as closely as practicable from rule 59,* Arizona rules of civil procedure, relating to new trial in superior court.

(Emphasis added.)

■■■ We are deferential to the rule-making and rule-interpreting expertise of administrative agencies so long as they operate within their statutory charter. *See, e.g., Maldonado v. Arizona Dept. of Economic Sec.,* 182 Ariz. 476, 897 P.2d 1362, 1364 (App. 1994). When the question turns, however, to whether an agency rule conforms to statutory requirements, the question is one of statutory interpretation, which is the subject of de novo judicial review. "[T]he powers and duties of administrative agencies ... are strictly limited by the statute creating them." *Boyce v. City of Scottsdale,* 157 Ariz. 265, 267, 756 P.2d 934, 936 (App.1988). An agency rule that "would defeat the legislative

purpose is to 'be frowned upon and stricken down.'" *Maldonado,* 182 Ariz. at 478, 897 P.2d at 1364, (quoting *Southwest Lumber Mills v. Employment Sec. Comm'n,* 66 Ariz. 1, 5, 182 P.2d 83, 85 (1947)).

To determine whether BOMEX satisfied its statutory obligation to draw its rehearing procedures as closely as practicable from Rule 59, we examine both Rule 59 and the BOMEX rule. Rule 59 provides:

> **(d) Time for Motion.** A motion for new trial shall be filed not later than *15 days after entry of the judgment.*

(Emphasis added.)

The BOMEX rule is found in title 4, chapter 16 of the Arizona Administrative Code ("A.A.C."). Section R4–16–106(A) provides in pertinent part:

> Except as provided in subsection (G), any party in a contested case before the Board who is aggrieved by a decision rendered in such case may file with the Board, not later than *ten days after service* of the decision, a written motion for rehearing or review of the decision specifying the particular grounds therefor. For purposes of this subsection *a decision shall be deemed to have been served when personally delivered or mailed by certified mail to the party* at his last known residence or place of business.

(Emphasis added.)

### A.

Petitioner argues that BOMEX has significantly and unjustifiably departed from the model of Rule 59 by failing to provide a period of at least fifteen days within which to request rehearing. BOMEX counters that A.A.C. § R4–16–106(A) is nearly identical to Rule 59, that it need not be precisely identical, and that its slight departure is well within the statutory obligation to draw "as closely as practicable" from Rule 59.

We accept BOMEX's assertion that an agency need not draft a rehearing rule that is identical to Rule 59. For example, the Rule 59 countdown runs from *entry* of judgment with the clerk of court. The BOMEX countdown, by contrast, runs from *service*

and permits service by mail. We do not believe that BOMEX was statutorily obliged to create a repository for entry of decisions that is equivalent to the clerk of court. To the contrary, we defer to BOMEX's discretion to establish, as a more practicable system, one that counts time from the date of service and permits service by mail.[2]

We reject BOMEX's contention, however, that A.A.C. § R4–16–106(A) differs only insignificantly from Rule 59 in permitting a rehearing period of ten, rather than fifteen, days. A shortening by one-third is a significant reduction of an already abbreviated period within which to act to preserve one's license and livelihood. The prevalence of service by mail compresses the period even further. We conclude that the five-day reduction is a substantial departure from the model of Rule 59.

We find it significant that, for this reduction, BOMEX advances no justification or rationale. Nor can we supply such justification on our own. Curtailment of rehearing time cannot be justified as an emergency provision. When time is of the essence, BOMEX can eliminate the rehearing process altogether. *See* A.A.C. § R4–16–106(G).[3] Nor do BOMEX procedures suggest that the ten-day rule is a vital element of an effort to hasten finality in cases subject to rehearing.

To the contrary, BOMEX practice is to await its next scheduled meeting—sometimes months away—before considering a timely motion for rehearing.[4]

It was BOMEX's statutory burden to draft rehearing procedures as close as practicable to those of Rule 59. BOMEX has not presented and cannot present any practical justification for departing from the fifteen-day rehearing model of that rule.

## IV.

In summary, we conclude that the trial court had jurisdiction pursuant to A.R.S. § 12–902(B) to consider the validity of A.A.C. § R4–16–106(A)—BOMEX's ten-day rehearing rule—and that the trial court erred in concluding otherwise. We further conclude that the ten-day rule does not comply with the "law governing procedure before an agency." A.R.S. § 12–902(B). Rather, it violates BOMEX's statutory mandate to draw rehearing procedures as closely as practicable from those of Rule 59. A.R.S. § 14–1062(B). In the absence of any BOMEX justification of a shorter period, Dioguardi was statutorily entitled to a fifteen-day period within which to request rehearing.

For all of these reasons, at the time of oral argument we accepted review of this special action. In a contemporaneous order, we di-

---

2. We reject Dioguardi's argument that BOMEX was statutorily obliged to follow the model of Rule 6(e), Ariz.R.Civ.P., and add five extra days to his time count as a result of serving him by mail. Insofar as Dioguardi contends that the Administrative Procedure Act requires any regulatory rehearing period to include five extra days for service by mail, his argument is mistaken. Rule 6(e), an omnibus rule, grants civil litigants a five-day expansion of any time period prescribed by the Rules of Civil Procedure when the time to act runs from "service of a notice or other paper ... and the notice or paper is served by mail." Because Rule 6(e) is expressly limited to periods calculated from *service*, it does not apply to Rule 59. As noted above, the 15–day filing period prescribed by Rule 59(d) for a motion for new trial runs from "entry of the judgment," not service of the judgment. As A.R.S. § 14–1062(B) only obliges administrative boards and agencies to model their rehearing procedures upon Rule 59, not Rule 6(e), it does not oblige them to add five days for service by mail.

3. A.A.C. § R4–16–106(G) provides:
   If in a particular decision the Board makes specific findings that the immediate effective-

ness of such decision is necessary for the immediate preservation of the public peace, health and safety and that a rehearing or review of the decision is impracticable, unnecessary or contrary to the public interest, *the decision may be issued as a final decision without an opportunity for a rehearing or review.* If a decision is issued as a final decision without an opportunity for rehearing, any application for judicial review of the decision shall be made within the time limits permitted for applications for judicial review of the Board's final decisions.
   (Emphasis added.)

4. Had Dr. Dioguardi satisfied the ten-day rule and filed a motion for rehearing in this case on or before October 31, 1994, his motion would not have been considered by the Board until January 1995. An agency that permits itself a lag time of three months before considering a request for rehearing is ill-equipped to demonstrate a practical necessity for shortening the time to request rehearing from fifteen to ten days.

rected BOMEX to consider Dioguardi's motion for rehearing as having been timely filed and, pursuant to A.R.S. § 41–1062(B), stayed the revocation order pending resolution of the motion for rehearing on its merits.

WEISBERG, J., concurs.

GARBARINO, Judge, dissenting.

I respectfully disagree with my colleagues. The legislature has established by A.R.S. § 41–1062(B) that, except for good cause, it is mandatory for the agency to provide an opportunity for a rehearing or review of its decision before such decision becomes final. The statute further provides:

> Such rehearing or review *shall be governed by agency rule drawn as closely as practicable from rule 59*, Arizona rules of civil procedure, relating to new trial in superior court.

A.R.S. § 41–1062(B) (emphasis added). The legislature did not mandate adoption of Rule 59 but merely indicated that the agency rule shall be "drawn as closely as practicable from rule 59."

The majority disregards the legislative authority granted BOMEX and seeks to impose its own legislative will. If the legislature wanted BOMEX to provide a rehearing process identical to that set out in Rule 59, it would have so stated.

It is true that there are times when the courts are empowered to establish procedural rules for the conduct of a proceeding and the participants. This is not one of those instances. The legislature has plainly indicated that the procedure "shall be governed by agency rule."

I would decline to accept jurisdiction.