NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ABRAHAM ABEBE, *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC
SECURITY, an Agency, *Appellee*.

No. 1 CA-UB 22-0418
FILED 11-16-2023

Appeal from the A.D.E.S. Appeals Board
No. U-1804019-001-B

**REVERSED AND REMANDED**

COUNSEL

Greenberg Traurig LLP, Phoenix
By Jorge Coss, Korey Cowan
*Counsel[1] for Appellant*

Arizona Attorney General's Office, Mesa
By Emily M. Stokes
*Counsel for Appellee*

---

[1]     The court expresses its appreciation to pro bono counsel for contributing their time, energy, and other resources in pursuing this appeal.

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A MP B E L L**, Judge:

¶1 Abraham Abebe appeals the decision of the Arizona Department of Economic Security (ADES) Appeals Board finding he failed to demonstrate excusable neglect for failing to appear at a hearing to contest the denial of benefits. Because we disagree with that finding, we reverse the Appeals Board's denial of Abebe's request to reopen his case and remand for a hearing on the merits.

**BACKGROUND**

¶2 Abebe was born in Ethiopia, and his native language is Amharic. During the Covid-19 pandemic he applied for Pandemic Unemployment Assistance and was denied benefits. He requested a hearing to contest that decision. One month before the hearing, ADES mailed Abebe a notice informing him of the date and time of the telephonic hearing. The five-page notice provided registration instructions in English and language-assistance instructions in both English and Spanish. The instructions directed him to register no earlier than one business day and no later than 15 minutes before the start of the hearing. The notice also contained directions to remain available for 30 minutes in the event the previous hearing ran long. Abebe received the notice but failed to register.

¶3 On November 10, at the time set for the hearing, Abebe waited for a call from ADES. That call did not come. Instead, when the Administrative Law Judge (ALJ) prepared to call the case and discovered that Abebe had not registered, the case was summarily dismissed. Less than an hour after the scheduled hearing, Abebe called ADES and was told that the case had been dismissed because he had not registered. Abebe asked that his case be reopened, stating that he did not understand that he needed to register for the hearing. Shortly after the missed hearing, Abebe hand-delivered a letter to ADES apologizing for his mistake and again explaining it was his understanding that the judge would call him at the telephone number he listed in his application. Another hearing was set to allow Abebe to show good cause to reopen his case.

¶4        Abebe appeared and testified at the good-cause hearing, this time with the assistance of an interpreter. Abebe explained he did not understand the need to register before the hearing. It was not until he called the ADES helpline that he was told that his failure to register forfeited his right to a hearing on the merits. Abebe did not expressly attribute his misunderstanding of the registration instructions to his command of the English language, but he stated that he did not understand the process and was unaware of the registration requirement.

¶5        The ALJ concluded that Abebe had not shown good cause to reopen his case because he failed to show that his failure to appear was due to excusable neglect. The ALJ found that the instructions for registering were set out in the notice such that a reasonably prudent person would have understood them. Since the ALJ determined that Abebe failed to show good cause, his request to reopen was denied.

¶6        Abebe petitioned the Appeals Board for review of this decision. In his petition, he explained that a language barrier caused him to misunderstand the registration instructions. The Appeals Board rejected the argument, noting that Abebe should have sought assistance from the ADES helpline when he received the hearing notice if he did not understand the registration instructions. The Board affirmed the denial of benefits and the determination that he had failed to demonstrate excusable neglect in failing to register and appear for the hearing. Abebe appealed to this court, arguing that his misunderstanding of the registration instructions constitutes excusable neglect necessitating the reopening of his case. We agree with Abebe.

**DISCUSSION**

¶7        We defer to an agency's findings of fact unless they are arbitrary, capricious, or an abuse of discretion. *Figueroa v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 548, 550, ¶ 9 (App. 2011). But we can draw our own legal conclusions in determining whether the Appeals Board correctly interpreted the law. *Munguia v. Dep't of Econ. Sec.*, 159 Ariz. 157, 159 (App. 1988). Additionally, we may substitute our judgment for the agency's regarding the legal effect of facts presented. *Weller v. Ariz. Dep't of Econ. Sec.*, 176 Ariz. 220, 224 (App. 1993).

¶8        By ADES rule, a party who fails to appear for a hearing after which an adverse decision is issued may request a hearing to show good cause to reopen the case. A.A.C. R6-3-1503(B)(3)(b). To establish good cause, the party must show that the failure to appear and timely notify the

hearing officer was due to reasons outside the party's reasonable control or due to excusable neglect. A.A.C. R6-3-1503(B)(3)(d). Neglect is excusable when it "might be the action of a reasonably prudent person in the same circumstances." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993) (construing excusable neglect under civil rule governing relief from judgment). Mistakes such as mis-calendaring and untimely filing due to clerical error have been found excusable by our court. *Maldonado v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 476, 477–78 (App. 1994); *City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985). And of particular significance, "f]ailure to understand legal proceedings and ramifications due to a limited comprehension of the English language" may constitute excusable neglect, especially in cases where a default judgment was rendered against the party with the language deficiency. *Coroban v. Coroban*, 1 CA-CV 07-0875, 2008 WL 4602528 at *2, ¶ 10 (Ariz. App. Oct. 9, 2008) (mem. decision); *see also Cota v. S. Ariz. Bank & Tr. Co.*, 17 Ariz. App. 326, 327 (1972) (noting appellants "should not be penalized by the extreme sanction of a default judgment" when "their linguistic handicap cause[d] them to fail to answer a complaint").

¶9        We are now tasked with determining if Abebe's misunderstanding of his registration obligation amounts to the excusable neglect necessary to show the good cause required to reopen his case. Here, we disagree with the ALJ and the Appeals Board's finding that Abebe's misunderstanding of the registration requirement did not amount to excusable neglect. ADES asks us to consider only the actions Abebe should have taken before the hearing: "a reasonably prudent person who knew that he had difficulties understanding English would have sought information or advice from DES or from an English-speaking acquaintance before the hearing to ensure that he understood the hearing notice's instructions." But were we to focus solely on the pre-hearing actions, we would be required to disregard consideration of a genuine mistake that could not have been discovered until after the preclusive event occurred. If Abebe believed he understood the registration instructions before the hearing, he would have no reason to seek additional help. He was not alerted to his misunderstanding until after the preclusive event occurred — namely, his failure to register and subsequent case dismissal. ADES's reasoning ignores that someone may not understand what is required until they suffer the repercussions of their misunderstanding. The ALJ and Appeals Board's finding unfairly penalizes Abebe for not knowing what he did not know. *See Cota*, 17 Ariz. App. at 327 ("[W]here a person's ignorance of the English language has prevented him from discovering that legal proceedings have been taken against him until after rendition of judgment, such illiteracy should be considered."). Had Abebe previously participated

in the process and registered, his argument would not be persuasive. But those are not the facts of this case.

¶10    Abebe's misunderstanding and mistake in failing to register must also be considered in light of his prompt action of contacting ADES when the call from the ALJ did not come. These are the actions of a reasonably prudent person operating under a misunderstanding of the registration requirements. *See Geyler*, 144 Ariz. at 332 (emphasizing the importance of diligence in determining whether neglect was excusable). Even under ADES regulations, the timely notification of a misunderstanding regarding how to participate in a hearing mitigates against a determination that the claimant failed to appear — A.C.C. R6-3-1503(B)(3)(d) provides that "both the failure to appear *and failure to timely notify the hearing officer* were either beyond the reasonable control of the non-appearing party or due to excusable neglect." (Emphasis added.) Abebe's language difficulties, as evidenced by his later request for an interpreter, provides further support that he was not aware of his misunderstanding before the hearing. Abebe's circumstances and actions lead us to conclude that a language barrier contributed to his misunderstanding leading to his failure to appear. And, to ensure that such a language-related mistake would not happen again, Abebe requested an interpreter for his good-cause hearing. We are persuaded that his failure to appear resulted from excusable neglect. *See Cota*, 17 Ariz. App. at 327.

¶11    Finally, we note that granting Abebe relief is consistent with our general desire to hear claims on the merits. *Maldonado*, 182 Ariz. at 479. The registration requirement for telephonic hearings creates the possibility that claims will be dismissed summarily if the claimant fails to register. Case dismissal based on a misinterpretation of hearing instructions goes against our long-held principle that "[c]laims *should* be heard on their merits if the failure to comply with a deadline or attend a hearing [ ]can be said to be excusable." *Id.* While we do not today decide whether Abebe is entitled to benefits, there was good cause for his failure to appear.

**CONCLUSION**

**¶12**     We reverse the Appeals Board's denial of Abebe's request to reopen his case and remand for a hearing on the merits.



AMY M. WOOD • Clerk of the Court
FILED:     AA